## McKinney Unemployment Compensation Case.

Argued June 10, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Frederick Weitzman,* with him *Techner, Rubin & Shapiro,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY GUNTHER, J., September 16, 1959:

The sole question raised in this unemployment case is whether the claimant has shown extenuating circumstances arising to more than a mere hardship could warrant the extension of time to file an appeal from the decision of the referee *nunc pro tunc.*

Claimant, James McKinney, was last employed by the United Packing Company, Inc., in Philadelphia, Pa., and his last day of work was September 17, 1958. The referee, after hearing testimony on the merits of the case ruled, on October 21, 1958, that the claimant was discharged for willful misconduct connected with his work because he reported back to work after lunch under the influence of intoxicants. This decision was mailed to claimant on October 27, 1958 at his last known address. The last day to file an appeal from this decision was November 6, 1958. Claimant filed his appeal on November 7, 1958, contending that he was late in filing his appeal due to illness. The Board of Review, without passing on the merits of the claim, dismissed the appeal on December 2, 1958 as not timely under the provision of section 502 of the Unemployment Compensation Law, 43 P.S. 822. Within ten days of

issuing this order, claimant requested the Board of Review to reconsider its dismissal order on the ground that there were extenuating circumstances for failure to file on time. The Board of Review on January 19, 1959 vacated its previous decision and ordered the case remanded for a hearing and taking further testimony relative to the timeliness of claimant's appeal from the decision of the referee. A copy of this order was served upon claimant.

The hearing officer scheduled a hearing on this order for January 29, 1959, at which time claimant appeared with counsel and testimony was received on the issue of failure to file the appeal within the ten day period as provided by law. However, the notice sent out for this hearing erroneously designated the issue as to whether the claimant's unemployment was due to discharge or temporary suspension from work for willful misconduct instead of designating the issue whether claimant filed a valid appeal. Nevertheless testimony was taken on this latter issue and claimant was permitted to offer testimony to the effect that he was hospitalized on October 31, 1958, as a result of an accident and that by reason of a blow on the head, he was detained in the hospital until November 4, 1958.

The board, after reviewing this testimony, concluded that its order of December 2, 1958, was correct and reinstated that order on February 18, 1959. From this order, claimant has filed this appeal.

Claimant contends here that the notice for the hearing on January 29, 1959 designating the purpose of the hearing erroneously was prejudicial to him because he came prepared to offer testimony on the merits rather than on the timeliness of his appeal and that he was unable, therefore, to present documentary evidence to corroborate his hospitalization. However, this contention overlooks the order of the board dated January 19,

1959, in which the purpose of the additional hearing was clearly set forth. Furthermore, the evidence of his hospitalization from October 31, 1958 to November 4, 1958 was not challenged by anyone and we fail to see how claimant could have been prejudiced by the erroneous designation of the issue. Claimant did get on the record the real reason which, according to him, prevented his filing a timely appeal from the decision of the referee.

The question, therefore, is whether a period of hospitalization lasting four days within the period of ten days prescribed for taking of appeals is sufficient to warrant the extension of time. We do not believe it is. The appeal could have been filed either before or after the period of hospitalization.

Regulation 201 of the board provides for the filing of a petition for the allowance of an appeal. However, this regulation also provides that the "use of the prescribed form is not mandatory to initiate a petition for the allowance of an appeal. Any written notice that may reasonably be construed as a request for an appeal, filed with or mailed to a representative of the board or department, within the prescribed period, advising that the appellant desires a review of the decision, shall be deemed to initiate a petition for the allowance of an appeal and will constitute a petition for appeal from the decision of the referee . . ." A mere letter would have initiated the appeal.

Furthermore, the evidence discloses that claimant was able to be out and about on November 4, 1958 because he went to his polling place and cast his ballot on that day. He again was able to get out on November 7, 1958 to file an appeal from the decision of the referee.

In *Pisani Unemployment Compensation Case*, 184 Pa. Superior Ct. 35, 132 A. 2d 760, we held that under

the provision of section 501(e) of the Unemployment Compensation Law, 43 P.S. 821, a claimant must take advantage of his right to review within the time fixed by statute and that the appeal provisions are mandatory. In *Bee Unemployment Compensation Case,* 180 Pa. Superior Ct. 231, 119 A. 2d 558, we concluded that since the Act fixes the time in which claimant could appeal from the decision of the referee, the board had no power to extend the time in the absence of a showing of fraud or its equivalent. We also said that we are without authority to reverse the action of the board and direct the allowance of an appeal *nunc pro tunc.* In *Ankeny Unemployment Compensation Case,* 182 Pa. Superior Ct. 361, 128 A. 2d 110, we stated that if there are no extenuating circumstances for failure to file a timely appeal, an appeal *nunc pro tunc* would not be warranted. See also *Abrams Unemployment Compensation Case,* 180 Pa. Superior Ct. 580, 119 A. 2d 656; *Brennan Unemployment Compensation Case,* 179 Pa. Superior Ct. 493, 118 A. 2d 216.

An examination of this record fails to disclose any extenuating circumstances so extraordinary and arising to more than a mere hardship that could warrant the extension of time to file the appeal. As we view this record, the board could do no more than to dismiss the appeal.

The order of the Board of Review is affirmed.