671 A.2d 1130

**Willie J. COOK, Appellant,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 20, 1995.

Decided Feb. 23, 1996.

John Stember, Pittsburgh, Stacy J. Harris, Aliquippa, Lorrie McKinley, Amicus Curiae, for Willie Cook.

James K. Bradley, Harrisburg, Randall S. Brandes, Harrisburg, Clifford Blaze, Harrisburg, John G. Knorr, III, Attorney General's Office, Harrisburg, for Unemployment Compensation Bd. of Review.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION OF THE COURT

FLAHERTY, Justice.

The issue raised by this case is whether an appellant before the unemployment compensation board who files an appeal four days late because he was hospitalized may be allowed to appeal nunc pro tunc.

Appellant Cook worked for Hussey Copper Corporation from April 1984 until April 1992, when he was terminated. He applied for unemployment compensation benefits and was denied on the grounds that his termination was based on willful misconduct. He was given notice that he had fifteen days, or until May 8, 1992, to appeal the denial of benefits to a referee.

Cook contacted an attorney and scheduled an appointment for May 5, 1992, but on May 3, 1992, he collapsed and was taken to a hospital in East Liverpool, Ohio. He was placed in the cardiac care unit for two days. After his release from cardiac care, he remained in the hospital until May 9, 1992, one day after his time for appeal expired. Three days after his release Cook filed an appeal to the referee of the denial of benefits.

The referee dismissed the appeal as untimely. Cook appealed to the Unemployment Compensation Board of Review, which affirmed the denial. The board held that when Cook was hospitalized but not in the cardiac care unit, he was alert, able to read, write and receive visitors, and should therefore have pursued his appeal during this time.

Commonwealth Court, on appeal, held that this court's decision in *Bass v. Commonwealth Bureau of Corrections, et al.,* 485 Pa. 256, 401 A.2d 1133 (1979) requires that appeals may not be filed late except where "there is fraud or some breakdown in the court's operation" or where the appellant's lawyer, because of a non-negligent cause, failed to file the appeal in a timely fashion. Applying that rule to this case, Commonwealth Court held that the appeal in this case was properly denied.

Cook petitioned for allowance of appeal and we granted allocatur in order to address the propriety of Commonwealth Court's treatment of our decision in *Bass.* For the reasons that follow, we reverse.

■ Generally, an appeal nunc pro tunc may be allowed when a delay in filing the appeal is caused by extraordinary circumstances involving "fraud or some breakdown in the

court's operation through a default of its officers." *Bass,* 485 Pa. at 259, 401 A.2d at 1135, citing *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938) and *West Penn Power Co. v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975). *Bass* itself, however, added another exception to the general prohibition against late appeals: the non-negligent conduct of the appellant's attorney or his staff.[1]

In *Bass,* appeal papers were prepared and typed six days before the expiration of the time allowed for appeal. The appeal was to this court from the order of Commonwealth Court. However, the secretary in the law office who was responsible for filing the appeal became ill shortly after the appeal was prepared, and left the office without filing it. The appeal papers remained on her desk unfiled. When the secretary returned a week later, the appeal period had expired. This error was not discovered because the secretary was also the person in the office who was responsible for checking to make sure that all secretarial work was performed. This court held that where an appeal is untimely because of non-negligent conduct of the attorney or his staff, an appeal nunc pro tunc may be permitted.

■ In applying *Bass* to the present case, Commonwealth Court held that *Bass* applies only to situations involving the non-negligent acts of a third party. Although we respect Commonwealth Court's diligent effort not to misconstrue our holding, we believe that this reading of *Bass* is too narrow. It would be anomalous, as the dissent below points out, to allow an appeal nunc pro tunc because of the non-negligent acts of a third party but not allow it in the case of non-negligent acts of appellant himself. We believe a better statement of the rule in *Bass* is that where an appeal is not timely because of non-

1.  We are aware that one panel of Superior Court construed our opinion in *In re Vacation of Portion of Dorney Park Road,* 503 Pa. 67, 468 A.2d 462 (1983) as a *sub silentio* overruling of *Bass.* See *In re Adoption of J.A.S.,* 330 Pa.Super. 151, 479 A.2d 8 (1984). *J.A.S.* is in error. We have not overruled *Bass.* As another panel of Superior Court pointed out in *In re Interest of C.K.,* 369 Pa.Super. 445, 535 A.2d 634 (1987), although *Dorney Park* did not mention *Bass* in the course of deciding a matter concerning a late appeal, *Dorney Park* was factually and legally distinguishable from *Bass.*

negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal nunc pro tunc.

█ In this case, Cook testified in a hearing before a master on October 2, 1992 that he was hospitalized from May 3 to May 9, 1992, that he was in intensive care from May 3 to May 5, and that he was in ordinary care from May 6 to May 9. He also testified that he was unable to leave the hospital of his own free will and that he did not have his notice of determination with him. This testimony was accompanied by a discharge summary prepared by a physician which stated a discharge diagnosis as follows:

1. Syncopal attack, possible cardiac in origin.
2. Hypertension.
3. Obesity.
4. ST segment changes possibly due to ischemia.
5. Questionable seizure disorder.

The referee's decision was that the provisions of section 501(e) of the Unemployment Compensation Law, 43 P.S. § 821(e), are mandatory, that an appeal must be filed within the fifteen day period following notice that compensation will or will not be paid, and that the referee had "no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period." On appeal from the referee's decision, the board agreed with the referee that it had no jurisdiction and added:

Claimant had receive [sic] the determination and was aware of it. Claimant was alert, able to read, write, and receive visitors during the appeal period. Claimant could have timely filed an appeal.

█ Our standard of review of an agency decision is as follows:

After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the

constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, *or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.*

*McGovern's Estate v. State Employees' Retirement Board,* 512 Pa. 377, 382, 517 A.2d 523, 525 (1986) (emphasis in original), citing 2 Pa.C.S. § 704.

Here, there is no substantial evidence of record to support the board's conclusion that Cook was able to conduct his appeal from his hospital bed. He was hospitalized following a collapse; he was placed in intensive care for three days followed by four days in ordinary care; he was unable to leave the hospital; he did not have with him his notice of determination; and the diagnosis upon discharge supported his claim that he was seriously ill when admitted to the hospital. This raises the inference that Cook was unable to perfect his appeal while he was hospitalized. There was no evidence to the contrary except for Cook's admission that he was able to read and write and receive visitors after his release from intensive care. Cook met his heavy burden of proving an adequate excuse under *Bass* for failing to file the appeal, and the contrary evidence did not rebut the inference raised by Cook's evidence. Additionally, Cook pursued his appeal promptly upon release from the hospital and there is nothing of record to indicate that the lateness, four days, prejudiced the appellee.

Commonwealth Court is reversed, the appeal is granted nunc pro tunc, and the case is remanded for a hearing on the merits of the claim.

MONTEMURO, J., who was sitting by designation, did not participate in the decision of this case.

ZAPPALA, J., files a dissenting opinion in which CASTILLE, J., joins.

ZAPPALA, Justice, dissenting.

I dissent. I agree with the majority that the Commonwealth Court's limitation of *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), to non-negligent acts of a third party, as distinguished from non-negligent acts of a party himself, leads to anomalous results. Rather than broaden the application of *Bass* to remove the anomaly, however, I would hold that *Bass* was wrongly decided and should not be used as a reference point for determining whether circumstances warrant the allowance of an appeal nunc pro tunc.[1]

Prior to *Bass*, it was uniformly held that an appeal nunc pro tunc would only be allowed where the failure to make a timely

1. To be precise, I would hold that *Bass*, which involved this Court's decision to exercise its authority to allow the nunc pro tunc filing of an appeal from an order of the Commonwealth Court, does not directly control the question whether a referee or the Unemployment Compensation Board of Review has authority, or should exercise the authority, to allow a late appeal from a decision of the Office of Employment Security. At most, *Bass* can be cited as an example of the type of circumstances in which a late appeal has been considered permissible in the judicial system. It is not proper, however, to impose the "rule" of *Bass* on administrative proceedings such as these.

The legislature has established that the "time for filing an appeal ... shall be governed by general rules." 42 Pa.C.S. § 5571(a). It is at least arguable that since the appeal period is not entirely fixed by statute but also by action of the Court, the Court has inherent authority to provide for exceptions to the general rule of 30 days adopted in Pa.R.A.P. 903(a), 1113(a), 1311(b), and 1512(a). But see Pa.R.A.P. 105(b) (court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.) It does not follow, however, that the Court has the same interpretive authority over the time period for appeals within an administrative agency. In this context, the longstanding rule that "where an *act of Assembly* fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence," *Tuttle v. Unemployment Compensation Board of Review*, 160 Pa.Super. 46, 47, 49 A.2d 847, 848 (1946), takes on even greater force.

I would also note that in the context of the Workers' Compensation Act, the General Assembly has specifically provided that "[t]he board may, upon cause shown, extend the time provided in this article [20 days] for taking such appeal or for the filing of an answer or other pleading," 77 P.S. § 853. Similar power has not been granted to the Unemployment Compensation Board of Review. The majority's approach glosses over this statutory difference and would allow for the equivalent of extensions of time in any administrative appeal.

filing was due to "extraordinary circumstances involving fraud or some breakdown in the Court's operation." *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). Superior Court used language such as "extenuating circumstances" and "something more than mere hardship" in deciding several unemployment compensation cases when such matters were within that court's jurisdiction. See *Ankeny Unemployment Compensation Case,* 182 Pa.Super. 361, 128 A.2d 110 (1956); *Tuttle Unemployment Compensation Case,* 160 Pa.Super. 46, 49 A.2d 847 (1946). However, it does not appear that this described a less stringent standard, as the court did not actually permit a nunc pro tunc filing in any case on a showing of facts less than breakdown in the administrative process or fraud or its equivalent. See, e.g., *McKinney Unemployment Compensation Case,* 190 Pa.Super. 470, 154 A.2d 337 (1959); *Abrams Unemployment Compensation Case,* 180 Pa.Super. 580, 119 A.2d 656 (1956).

*Bass* introduced the concept of "non-negligent happenstance" as a basis for allowing the filing of an appeal nunc pro tunc. With today's decision the Court confirms that rule, distilling four conditions for its application:

> where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and
>
> the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and
>
> the time period which elapses is of very short duration, and
>
> appellee is not prejudiced by the delay. . . .

Opinion at 383–84.

Justice Roberts, dissenting in *Bass,* queried:

> Will not today's result create a new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed? ... Does not the failure to enforce the timeliness requirements constitute an invitation to litigants to disregard the timeliness requirements and

thus adversely affect the evenhanded administration of justice?

485 Pa. at 263, 401 A.2d at 1137. Dissenting again from the denial of reargument, Justice Roberts observed

In reality, the majority has disregarded the long controlling thirty day rule and has instead substituted its own vague, standardless, and undefined exception for extensions of the thirty day appeal period. Can anyone now or in the future say whether a judgment unappealed for thirty days is final or is still appealable under the majority's new exception to and extension of the thirty day rule? The majority's refusal in this case to enforce the statutorily prescribed time limit for filing an appeal and the majority's failure to apply our long announced case law creates confusion in appeal procedures and the administration of justice.

*Id.* at 266–67, 401 A.2d at 1139.

Decisions such as *In re Interest of C.K.*, 369 Pa.Super. 445, 535 A.2d 634 (1987), *Typinski v. Unemployment Compensation Board of Review*, 105 Pa.Commw. 560, 524 A.2d 1086 (1987), and *Ho v. Unemployment Compensation Board of Review*, 106 Pa.Commw. 154, 525 A.2d 874 (1987), reflect that the confusion alluded to by Justice Roberts has come to pass, but the majority seems blissfully ignorant of this state of affairs.

The essential difficulty with the rule is its ad hoc character, the complete lack of guidance for assessing whether given circumstances will be deemed "non-negligent". In *Gallardy v. Ashcraft*, 288 Pa.Super. 37, 43, n. 8, 430 A.2d 1201, 1204, n. 8 (1981), Judge Lipez of Superior Court wrote bluntly:

the majority in *Bass* applied its "non-negligence" standard to a set of facts which plainly seemed to involve negligence under any traditional meaning of the term. The confusion is compounded by the lack of any standard procedure in making a "non-negligence" determination, as well as the lack of a standard of review where, as here, we review the lower court's finding of "non-negligence," rather than make

our own determination as to the timeliness of an appeal to our court.

Here, the majority purports to resolve the standard of review problem by applying the standard applicable to agency adjudications generally, i.e., whether constitutional rights have been violated, the adjudication is in accordance with the law, and findings of fact necessary to support the adjudication are supported by substantial evidence. It seems impossible to me that the "substantial evidence" test can be meaningfully applied to a determination that a party could (or could not) have filed a timely appeal.

The referee and the Board here concluded that the Appellant, though hospitalized, was not so incapacitated that he could not follow through with his intention to appeal, either by communicating through visitors or the telephone with someone who could accomplish this end. The majority determines that there is no substantial evidence to support this conclusion and reaches a contrary result. But where is the substantial evidence to support the majority's conclusion? I see nothing more than a substitution of this majority's judgment for that of the referee and the Board.[2]

For the foregoing reasons, I would not apply the rule of *Bass* to this case, and would affirm the decision of the Board.

CASTILLE, J., joins in this Dissenting Opinion.

2. The party seeking consideration of a late appeal bears the burden of proving that circumstances warrant such relief. I believe the Board's determination that this burden has or has not been met in a particular case is entitled to some deference, akin to an abuse of discretion standard, in the same manner as similar procedural decisions of the intermediate appellate courts (e.g., denying permission to appeal an interlocutory order under Pa.R.A.P. 1311) are reviewed. Here, the uncontested facts found by the referee were that prior to his release from the hospital the claimant was alert, could read and write, and could receive visitors. Under the abuse of discretion standard, or even under the substantial evidence standard, I find no error in the Board's decision.