Kristine WALTER, Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE
(POLK CENTER), Respondent.

Commonwealth Court of Pennsylvania.

Argued June 5, 1997.

Decided July 15, 1997.

Susan Paczak, Pittsburgh, for petitioner.

Jeffrey P. Schmoyer, Pittsburgh, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

FLAHERTY, Judge.

Kristine Walter (Walter) petitions for review of the November 14, 1996, order of the Department of Public Welfare (DPW), Bureau of Hearings and Appeals (Bureau) which dismissed as untimely her appeal from DPW's denial of benefits under Act 534.[1] We affirm.

Walter is an employee at Polk Center (Polk), a state mental hospital. On May 18, 1993, she sustained a work-related injury and began receiving benefits under Act 534. In accordance with Act 534, Walter received her full salary in lieu of workers' compensation benefits.[2] Walter eventually returned to work with Polk on a modified basis.

Walter subsequently filed for a modification of her workers' compensation benefits, alleging a recurrence of her condition as of September 1, 1994, seeking benefits for total disability. Polk's workers' compensation in-

1. Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §§ 951—952.

2. Pursuant to Section 1 of Act 534, 61 P.S. § 951:

   [A]ny employe of a State mental hospital ... who is injured during the course of his employment by an act of ... any person confined in such institution or by any person who has been committed to such institution by any court of the Commonwealth of Pennsylvania or by any provision of the 'Mental Health Act' ... shall be paid, by the Commonwealth of Pennsylva-

nia, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such ... institution at a salary equal to that earned by him at the time of his injury.

Also, because she was receiving Act 534 benefits, under this section any payments Walter was eligible for under the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1—1041.4, were "turned over to the Commonwealth and paid into the General Fund...." 61 P.S. § 951.

# 1060

surance carrier, Pennsylvania Insurance Management Company (PIMCO), denied the allegation of a recurrence because it believed Walter's disability, as of September 1, 1994, was not a result of her work injury.

On September 28, 1994, Polk's personnel director sent a letter to Walter notifying her that, because PIMCO denied the allegation in her modification petition, DPW was also denying her Act 534 benefits as of September 1, 1994. Walter was advised, in this letter, that she had the right to appeal DPW's actions by filing an appeal to the Bureau within 30 days after receipt of the letter.[3] The letter also advised Walter to contact the personnel office at Polk if she wanted assistance in the matter. No appeal was taken within the 30 day time limit and no evidence exists of record that Walter requested assistance.

Walter subsequently alleged another recurrence of total disability and sought a second modification of her benefits. Polk's personnel director, after receiving notification from PIMCO that it was also denying this second modification claim by Walter because it believed that there was no medical reason for her absence, advised Walter via letter of February 27, 1995, that DPW was also denying a modification of her Act 534 benefits beginning on January 29, 1995. Walter was additionally advised in this letter that she had the right to appeal this determination to the Bureau within 30 days from the date of the letter, and that personnel at Polk would assist her in the matter if she desired. Again, no appeal was taken within the 30 day time limit and no evidence exists of record that Walter requested assistance.

On June 28, 1996, Walter filed an appeal to the Bureau contesting the September 28, 1994, and February 27, 1995, denials of her

Act 534 benefits. On November 14, 1996, the Bureau granted DPW's request to dismiss Walter's appeal as untimely. Walter now appeals to this court.[4] On appeal, Walter argues that the Bureau erred in dismissing her appeal as untimely; specifically, that she should be allowed an appeal *nunc pro tunc*.[5]

■ We initially note that "[t]he traditional grounds for the allowance of an appeal *nunc pro tunc* are fraud, duress or coercion which causes a delay in the filing of the appeal." *Sewickley Valley Hospital v. Department of Public Welfare*, 121 Pa.Cmwlth. 337, 550 A.2d 1351, 1353 (1988), *petition for allowance of appeal denied*, 524 Pa. 614, 569 A.2d 1372 (1989).

■ In *Bass v. Bureau of Corrections*, 485 Pa. 256, 401 A.2d 1133 (1979), our Supreme Court extended the traditional grounds for allowing an appeal *nunc pro tunc*. In that case, counsel for Bass was to file an appeal. Counsel's secretary prepared the appeal papers but, because of a week-long illness, was unable to file them in a timely fashion. The secretary, upon returning to the office after her illness, "immediately took steps to correct the situation." *Id.* at 258, 401 A.2d at 1134. The appellee conceded that the delay in filing the appeal was due to the secretary's illness. The *Bass* Court held that members of the public should not lose their day in court because of their counsel's non-negligent conduct, and granted Bass leave to file an appeal *nunc pro tunc*.

Walter cites to *Cook v. Unemployment Compensation Board of Review*, 543 Pa. 381, 671 A.2d 1130 (1996) for support of her position that she should be allowed an appeal *nunc pro tunc*. In *Cook*, our Supreme Court, in granting an appeal *nunc pro tunc*, extended the holding in *Bass* to also include

3. DPW's Office of Hearings and Appeals became the Bureau of Hearings and Appeals in late 1996.

4. On May 20, 1997, Walter filed a motion to suppress two addenda attached to DPW's brief along with two sentences on page 9 of DPW's brief that refer to these addenda, averring that the addenda were not part of the certified record in this matter. DPW filed an answer, noting that the reproduced record filed by Walter contained matters that were also not part of the certified record, specifically pp. 1a—3a, 6a and 8a—18a.

On June 4, 1997, this court granted Walter's motion but, *sua sponte*, also struck pp. 1a—3a, 6a and 8a—18a of the reproduced record.

5. This court's appellate review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Mayo v. Department of Public Welfare*, 680 A.2d 1 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 546 Pa. 686, 686 A.2d 1314 (1996).

non-negligent conduct on the part of the appellant. The *Cook* Court held that:

> where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal nunc pro tunc.

*Id.* at 384, 671 A.2d at 1131.

*Cook* is, however, readily distinguishable from the present matter. In *Cook,* the claimant filed his appeal to the Unemployment Compensation Board of Review four days late because he was hospitalized due to a severe illness. The Court held that there was no substantial evidence that Cook was capable of conducting his appeal from his hospital bed. Therefore, Cook was allowed to proceed with his appeal *nunc pro tunc.*

Here, Walter does not allege, nor do the facts support, that she was unable to timely appeal any of the denial letters. Walter, instead, alleges that she initially contacted the Bureau of Workers' Compensation concerning the proper procedure for appealing PIMCO's denial of her workers' compensation benefits. She avers that a "gentleman" at this agency informed her that she did not need to file an appeal, but only complete some papers requesting a modification. Walter states that she believed her Act 534 benefits and her workers' compensation benefits were one and the same and, as such, she need not present a separate appeal for the Act 534 benefits. This belief, however, does not relieve Walter of the burden to properly appeal her Act 534 benefits to DPW's Bureau.

Although this court held in *Sewickley Valley* that "[f]or appeal purposes, negligence on the part of administrative officials may be deemed to be the equivalent of fraud", this negligence must occur from administrative officials expressly involved with the matter at hand. *Id.* at 1353. The Bureau of Workers' Compensation has no jurisdiction in this matter. Indeed, "jurisdiction over a claim for Act 534 disability benefits is vested in the DPW...." *Mayo* at 4. Walter never alleges that she was misled by fraud or administrative negligence of the proper agency, that is, DPW.

Even assuming, arguably, that Walter was confused by the information she received from the unidentified "gentleman" at the Bureau of Workers' Compensation, the Act 534 denial notices speak for themselves. The Act 534 denial notices distinguish the workers' compensation benefits from the Act 534 benefits, and clearly set forth that Walter's Act 534 benefits must be appealed to the Bureau within 30 days from the date she received the notices. Indeed, Walter, in her June 28, 1996, letter to the Bureau requesting an appeal from the denial of her Act 534 benefits, specifically states that "[i]n late September 1994 I received notice that the workers' compensation insurance carrier was denying my claim for a recurrence, and at the same time I received notice that I was not going to receive Act 534 benefits." (R.R. at 19a.) Additionally, each Act 534 denial notice also instructed Walter that personnel at Polk were available to assist her in the matter. Walter chose to ignore the appeal instructions and declined to contact Polk for appeal assistance.

As stated in *Bass,* "[t]he negligence of an appellant, or an appellant's counsel, or an agent of appellant's counsel, has not been considered a sufficient excuse for the failure to file a timely appeal." *Id.* at 259, 401 A.2d at 1135. Our review of the record reveals the following: there was no fraud or negligence on the part of DPW; the failure to timely file an appeal of denial of Act 534 benefits was due to the negligence of Walter; and the appeals were filed twenty-one months and sixteen months, respectively, after the September 1994, and February 1995, Act 534 denial notices. There is, therefore, no reason to allow an appeal *nunc pro tunc* in this matter.

Therefore, the Bureau did not err in dismissing Walter's appeal as untimely. Accordingly, the decision of the Bureau is affirmed.

**1062**

*ORDER*

NOW, July 15, 1997, the November 14, 1996, order of the Department of Public Welfare, Bureau of Hearings and Appeals, at Appeal No. 171, is affirmed.