Lillie P. **MOSLEY**, Appellee,

v.

Ronald B. **SETTLES**, Appellant.

Superior Court of Pennsylvania.

Submitted May 7, 2001.
Filed July 11, 2001.

Frank J. Micale, Warrendale, for appellant.

Marvin Miller, Pittsburgh, for appellee.

BEFORE JOYCE, MUSMANNO and BECK, JJ.

BECK, J.:

¶ 1 This is an appeal by allowance of this Court pursuant to Pa.R.App.P. 1501. We decide whether the trial court erred when it ruled the Complaint was timely filed. The Praecipe for Writ of Summons was filed after the statute of limitations expired and plaintiff/appellee failed to show fraud or its equivalent. We conclude that the court erred and so vacate the order and remand the matter so that the trial court may reinstate its order granting judgment on the pleadings in favor of appellant.

¶ 2 Appellee Lillie P. Mosley and appellant Ronald B. Settles were involved in a motor vehicle collision on June 2, 1997. Mosley engaged the services of attorney Marvin Miller to represent her in connection with a personal injury claim against Settles. However, Mosley's Praecipe for Writ of Summons was filed one day beyond expiration of the statute of limitations set out in 42 Pa.C.S.A. § 5524(2). After the Complaint and Answer were filed, Settles moved for judgment on the pleadings, asserting the statute as a bar to recovery. The trial judge granted same and dismissed Mosley's complaint with prejudice. Thereafter, Mosley sought and was granted reargument; the trial court ultimately ruled that her Complaint was to be deemed timely filed.

¶ 3 In its opinion, the trial court explained that Mosley's counsel failed to file the Praecipe on time due to incapacitation caused by back surgery on May 19, 1999, and restrictions thereafter. The court found these facts constituted "non-negligent circumstances" and so the court granted Mosley's request for relief. Settles asked the trial court to certify the issue for appeal, but the court refused to do so. This court granted Settles's allowance of appeal on the issue of whether the trial court erred in permitting Mosley's claim to go forward. The matter is now before us.

¶ 4 Settles argues that the trial court was without authority to permit Mosley's case to proceed. He asserts that tolling of the statute of limitations is permitted only in the case of fraud or its equivalent. *See* 42 Pa.C.S.A. § 5504; *Aivazoglou v. Drever Furnaces,* 418 Pa.Super. 111, 613 A.2d 595, 598 (1992).

¶ 5 In granting Mosley relief, the trial court relied on *Cook v. Unemployment Compensation Board of Review,* 543 Pa. 381, 671 A.2d 1130 (1996) and *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979). In *Cook,* our Supreme Court permitted a plaintiff to file an appeal four days after the fifteen-day appeal period expired. The plaintiff, to whom the Board denied workers compensation benefits, made arrangements to meet with an attorney about appealing his case. However, he collapsed prior to the meeting and was hospitalized in a cardiac care unit for the next six days. Following his release from the hospital, which occurred on the day after the appeal period expired, he promptly engaged counsel and filed an appeal. In *Bass,* our Supreme Court extended the thirty-day appeal period by four days because the notice of appeal had been prepared by counsel in a timely fashion, but the person charged with filing the appeal fell ill.

¶ 6 Mosley concedes that these cases involved "judicial grants of extension of time as regarding the filing of *appeals,*" rather than the statute of limitations. Appellee's Brief at 6 (emphasis supplied). However, Mosley argues, "the circumstances surrounding the untimely filing of [her] Complaint in this case represent an extraordinary circumstance that should excuse the rigid and literal enforcement of the statue of limitations." *Id.* In essence, Mosley asks us to apply the standard of "non-negligent circumstances" set out in *Cook* and *Bass* to cases involving expiration of the statute of limitations. Further,

Mosley asks that we find the facts of this case constitute the type of non-negligent circumstances that excuse an untimely filing. We decline to do so.

¶ 7 First, we find that there is a significant difference between the limited period of time within which an appeal must be filed, *i.e.,* fifteen or thirty days, and the period of time within which an individual is required to file suit, *i.e.,* two years in the case of personal injury. 42 Pa.C.S.A. § 5524(2). Even a relatively brief medical emergency could occur within the narrow period of time for filing an appeal, thus eliminating an appellant's right to review. However, the two year period applicable to commencing a personal injury action affords the potential plaintiff an extended period of time within which to file a complaint or, as in this case, merely notify a defendant that a complaint will be filed in the near future. As a result, we do. not believe that an additional exception to the statute of limitations is necessary. Nor do we believe it would be wise. Rather, we conclude that expansion of the statute of limitations beyond the exceptions already specified (fraud or its equivalent) could have a disastrous effect on the court's current, onerous caseload.

¶ 8 Second, even if we were to adopt the additional exception of non-negligent conduct in this context, we would not find that Mosley was entitled to relief under such a standard. Counsel was diagnosed with a herniated lumbar disc in March of 1999 and his surgery occurred in May of that year. Mosley admits in her brief that her attorney and Settles's insurer "had ongoing discussions about the claim ... not long before [counsel's] surgery." Appellee's Brief at 6. Counsel's hospitalization lasted for only one day and the restriction placed upon him thereafter was to avoid sitting for periods longer than ten (10) minutes. *Id.* Despite counsel's apparent knowledge of the case prior to surgery,

and the fact that his post-operative status did not affect his mental capacity but rather involved his ability to sit upright, he nonetheless failed to file the Praecipe on time. Unlike the trial court, we would not view these circumstances as warranting the kind of relief granted in *Cook* and *Bass*.

¶ 9 For the reasons set forth above, we vacate the order of the trial court deeming Mosley's Complaint timely filed. We remand this case and direct the trial court to reinstate its previous order, wherein it granted Settles judgment on the pleadings due to the expiration of the statute of limitations. Jurisdiction relinquished.