IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Danilbek Karmiev,                         :
                    Petitioner            :
                                          :
        v.                                :   No. 1060 C.D. 2016
                                          :   SUBMITTED:  December 9, 2016
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY                    FILED:  March 24, 2017


        Danilbek Karmiev (Claimant) petitions *pro se* for review of an order by the Unemployment Compensation Board of Review (Board) affirming the decision of a referee, who dismissed Claimant's appeal of a Notice of Determination issued by the Department of Labor and Industry (Department). The Board determined that Claimant had failed to file a timely appeal of the Department's determination under section 501(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

Claimant was employed by and served as a corporate officer for MedAlliance Ambulance, LLC (Employer) from October 1, 2012 until September 30, 2014. (C.R. Item No. 3.) Claimant filed for unemployment compensation benefits on October 19, 2014. Claimant collected benefits for the period of October 25, 2014 to May 2, 2015. Thereafter, the Department determined that Claimant's position as a corporate officer made him ineligible for benefits under section 402(h)[2] of the Law. Notice of that determination was mailed to Claimant on December 4, 2015; the notice stated that the deadline for Claimant to file an appeal of the determination was December 21, 2015. (C.R. Item No. 9.)

However, Claimant did not file an appeal until January 31, 2016 (41 days after the deadline). Claimant asserted he was unable to file a timely appeal because he was working in another state from December 18, 2015 until January 22, 2016. (C.R. Item No. 10.) On February 4, 2016, a notice was sent to Claimant that a hearing regarding the timeliness of the appeal was scheduled for February 18, 2016. On February 10, 2016, Claimant requested a continuance of that hearing, indicating that he would be working out-of-state on the hearing date. The hearing was rescheduled for February 23, 2016, and an updated notice was mailed to Claimant on February 11, 2016. On February 23, 2016, the hearing was held before a referee without appearance by Claimant. (C.R. Item No. 13.) The referee dismissed Claimant's appeal as untimely because it was filed after December 21, 2015. (C.R. Item No. 14.)

---

[2] 43 P.S. § 802(h).

On February 29, 2016, Claimant appealed the referee's decision to the Board, which remanded the matter to the referee to determine if Claimant had good cause for non-appearance at the hearing on February 23, 2016. Claimant testified before the referee that he missed the hearing on February 23, 2016, because his vehicle broke down in another state. (C.R. Item No. 21, Notes of Testimony, 4/27/16, at 7-17.) Claimant also testified that he did not file his initial appeal on time because he was working away from home and did not make arrangements for anyone to check his mail. (*Id.* at 15-16.) On May 27, 2016, the Board affirmed the referee's decision to reject Claimant's appeal as untimely. This appeal followed.[3]

The primary issue in this case is whether Claimant filed a timely appeal to the Department's determination that he was ineligible for benefits under section 501(e) of the Law, which provides that determinations by the Department become final if not appealed within fifteen days after the notice mailing date. 43 P.S. § 821(e). In circumstances where the filing of an appeal was delayed, a claimant is permitted to appeal *nunc pro tunc* when the delay is caused by "extraordinary circumstances involving fraud or some breakdown of the court's operation through a default of its officers." *Cook v. Unemployment Compensation Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996) (quotations omitted). An appeal may also be filed *nunc pro tunc* when the delay is caused by the non-negligent conduct of the claimant's attorney or his staff. *Id.* (quoting *Bass v. Commonwealth Bureau of Corrections*, 401 A.2d 1133 (Pa. 1979)).

---

[3] Our standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Comp. Board of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

Claimant argues that the Board erred in failing to accept his appeal *nunc pro tunc*. Claimant does not dispute that he received the notice or that his appeal was not filed within the fifteen-day period. Nor does Claimant present evidence that his filing was untimely due to any fraud or administrative breakdown. He argues that because the delay in filing his appeal within the statutory period was due to work-related travel, his appeal was filed late due to non-negligent conduct.

However, the opportunity to appeal *nunc pro tunc* is limited strictly to unique and compelling factual circumstances to avoid unnecessary determinations on whether every untimely filing should be permitted to go forward. *Ho v. Unemployment Compensation Bd. of Review*, 525 A.2d 874, 875 (Pa. Cmwlth. 1987) (quoting *Bass*, 401 A.2d at 1137 (Roberts, J. dissenting)). In *Ho*, we determined that the claimant could not appeal *nunc pro tunc* when "her failure to take measures to ascertain the contents of the letter [containing the notice] resulted in her delaying in filing the appeal." *Id.* When a claimant applies for unemployment compensation benefits, he avails himself of our administrative system and implicitly assumes a duty to either comply with our administrative procedures or risk forfeiting his claim. *Id.* Claimant had clear control over the circumstances which resulted in filing his appeal beyond the fifteen day period. He has failed to demonstrate the type of extraordinary circumstances that would warrant proceeding *nunc pro tunc*. As a result, the Board did not err when it affirmed the referee's dismissal of Claimant's untimely appeal.

4

Claimant also argues that he would have succeeded on the merits had the referee or the Board accepted his appeal. However, the Board does not have jurisdiction to consider an untimely appeal. *Edwards v. Unemployment Compensation Bd. of Review*, 639 A.2d 1279, 1281 (Pa. Cmwlth. 1994). Because Claimant's appeal was untimely, the Board did not err in declining to consider the merits of Claimant's appeal.

For these reasons, we affirm.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Danilbek Karmiev,                           :
                         Petitioner            :
                                       :
               v.                             :   No. 1060 C.D. 2016
                                       :
Unemployment Compensation                   :
Board of Review,                            :
                         Respondent            :

O R D E R

AND NOW, this 24th day of March, 2017, the order of the Unemployment Compensation Board of Review is affirmed.

_____
JULIA K. HEARTHWAY, Judge

Danilbek Karmiev, :
            Petitioner :
                              :
      v. :
                              :
Unemployment Compensation :
Board of Review, : No. 1060 C.D. 2016
            Respondent : Submitted: December 9, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE               FILED:  March 24, 2017


As the Majority's opinion ignores (and does damage to) the equitable principles surrounding *nunc pro tunc* questions enunciated in cases such as *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979) and *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001), I must dissent.


                                        _____
                                        JOSEPH M. COSGROVE, Judge