# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| MARYBETH R. BLASETTI, | : | No. 516 MAL 2020 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the **Unpublished Order** of the |
| v. | : | Superior Court at No. 1228 EDA |
| | : | 2020 entered on July 24, 2020, |
| | : | **quashing** the Order of the Delaware |
| RICHARD J. BLASETTI, | : | County Court of Common Pleas at |
| | : | No. No. CV-2018-000328 entered |
| Petitioner | : | on April 30, 2020 |

## ORDER

**PER CURIAM**                                                    DECIDED:  April 13, 2021

**AND NOW**, this 13th day of April, 2021, the Petition for Allowance of Appeal is **GRANTED**, the order of the Superior Court is **VACATED**, and the matter is **REMANDED** for consideration of the merits of Petitioner's appeal.

As part of a judicial emergency declared in response to the COVID-19 pandemic, the Delaware County Court of Common Pleas issued an order on April 29, 2020, applicable to its Family Division, which provided, in relevant part, as follows:

> [A]ll calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines, are within this judicial district (32nd - Delaware County) suspended through May 11, 2020, excepting Pa.R.Crim.P. 600 which remains suspended until June 1, 2020, subject to applicable constitutional restrictions, if any.

*In Re: 32nd Judicial District,* 30 MM 2020.  The order did not set forth a date certain by which matters affected by the above-quoted suspension of time computation and deadlines had to be filed to be deemed timely.  As such, the common pleas court's order

was ambiguous, and it was reasonable for Petitioner to interpret that order in such a way that the 30-day appeal period began to run on May 11, 2020, making the applicable deadline for filing his appeal to the Superior Court June 10, 2020. Because Petitioner proceeded under a reasonable interpretation of an ambiguous order, and absent any indication of negligence attributable to Petitioner, his notice of appeal filed on June 4, 2020, should have been considered timely. *Cf. Criss v. Wise*, 781 A.2d 1156 (Pa. 2001) (providing that an appellant's non-negligent actions could qualify as extraordinary circumstances supporting *nunc pro tunc* relief); *Cook v. UCBR,* 671 A.2d 1130 (Pa. 1996) (explaining that a court may allow *nunc pro tunc* relief where the appeal is untimely because of non-negligent circumstances attributable to the appellant or counsel, the appeal is filed within a short time after the appellant or counsel learns of the untimeliness, and the appellee is not prejudiced by the delay).