J-A18037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: B.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: B.B. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 64 WDA 2021 |

Appeal from the Order Entered December 15, 2020
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. CC 638 of 2017

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: OCTOBER 12, 2021**

B.B. appeals from the Order denying his Petition for permission to file a *nunc pro tunc* appeal of the Orphans' Court's December 5, 2017, Order ("the 2017 Order"),[1] which committed B.B. to extended involuntary mental health treatment pursuant to Section 303 of the Mental Health Procedures Act ("MHPA").[2]  We affirm.

---

[1] The Orphans' Court's February 5, 2021, Opinion mistakenly states that the 2017 Order was entered on November 5, 2017.  **See** Orphans' Court Opinion, 2/5/21, at 1.

[2] **See** 50 P.S. § 7303 ("Section 303") (providing for extended involuntary mental health treatment).

On December 1, 2017, pursuant to Section 302 of the MHPA,[3] B.B. was involuntarily committed for mental health treatment. A Petition for Extended Involuntary Mental Health Treatment, pursuant to Section 303, was filed against B.B. on December 2, 2017. On December 4, 2017, after a hearing at which B.B. was represented by counsel, a mental health hearing officer dismissed the Petition.

On December 4, 2017, the Allegheny County Department of Human Services, Office of Behavioral Health, filed a Petition for Review in the Allegheny County Court of Common Pleas.[4] The Orphans' Court conducted a Review Hearing on December 5, 2017, at which B.B. again was represented by counsel. That same date, the Orphans' Court entered the 2017 Order overruling the hearing officer's determination, and committing B.B. to extended involuntary mental health treatment pursuant to Section 303. B.B. filed no appeal of the 2017 Order.

Three years later, on December 8, 2020, B.B. filed a *pro se* Petition for permission to file a *nunc pro tunc* appeal of the 2017 Order. On December 15, 2020, the Orphans' Court denied the Petition. Thereafter, B.B. filed the

---

[3] **See** 50 P.S. § 7302 (providing for involuntary emergency examination and mental health treatment).

[4] **See** 50 P.S. § 7303(g) (providing for a right to petition the court of common pleas for review of the certification); **In re T.J.**, 739 A.2d 478, 482 (Pa. 1999) (recognizing a mental health agency's standing to appeal the hearing officer's determination).

instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

B.B. presents the following claim for our review:

Where there is a breakdown in the court's operation resulting in the delay of filing a direct appeal, did the [trial c]ourt err when it denied [B.B.'s] Petition *Nunc Pro Tunc* to allow direct appeal of a[n] [MHPA] Section 303 [P]etition for review [*sic*] final order?

Brief for Appellant at 4 (some capitalization omitted).

The "denial of an appeal *nunc pro tunc* is within the discretion of the trial court, and we will only reverse for an abuse of that discretion." **Vietri ex rel. Vietri v. Delaware Valley High Sch.**, 63 A.3d 1281, 1284 (Pa. Super. 2013). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." **Id.** (citation omitted).

B.B. claims that the Orphans' Court improperly denied his Petition for permission to file a *nunc pro tunc* appeal of the 2017 Order. Brief for Appellant at 11. B.B. asserts that he has established a breakdown of the court's operation, based upon his prior counsel's "failure to advise him of his [a]ppellate rights[.]" **Id.** at 13. According to B.B., his prior counsel was assigned to him through the public defender's office, a government unit or agency. **Id.** at 13. Further, B.B. claims that attorneys are officers of the court, and counsel's ineffectiveness constitutes a breakdown of the court's

- 3 -

processes. *Id.* at 13, 15. B.B. argues that a court should not dismiss serious allegations of a failure to follow the procedures of the MPHA. *Id.* at 14.

B.B. claims that he did not file an appeal of the 2017 Order within the required 30 days, because his counsel at the time rendered ineffective assistance. *Id.* at 17. According to B.B., his attorney failed "to counsel and inform [B.B.] of his right[] to direct appeal and right[] to continuing representation for such an appeal." *Id.* B.B. provides extensive argument regarding the right to competent counsel to protect a client's appeal rights. *See id.* at 20 (citing cases regarding counsel's duty to protect a defendant's appeal rights).

Initially, we observe that "an appeal … from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa.C.S.A. § 5571. "[A]n appellate court cannot extend the time for filing an appeal. Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted). As our Supreme Court explained in *In re Vacation of Portion of Dorney Park*, 468 A.2d 462 (Pa. 1983),

> [w]here an act of assembly fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act *nunc pro tunc* ….

*Id.* at 45 (citations omitted).

In addition to the occurrence of "fraud or breakdown in the court's operations," *nunc pro tunc* relief may also be granted where the appellant demonstrates that "(1) [his] notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) [he] filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Vietri*, 63 A.3d at 1284. The appeal must be filed within a short time after the appellant or his counsel learns of, and has an opportunity to address the untimeliness. *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

In *Cook*, our Supreme Court permitted a plaintiff to file a *nunc pro tunc* appeal *four days* after the fifteen-day appeal period had expired. *Cook*, 671 A.2d at 1131. In that case, the plaintiff, upon the denial of unemployment compensation benefits, arranged to meet with an attorney about appealing his case. *Id.* However, the plaintiff collapsed prior to the meeting, and was hospitalized in a cardiac care unit for the next six days. *Id.* Following his release from the hospital, which occurred on the day after the appeal period had expired, the plaintiff promptly engaged counsel and filed an appeal. *Id.* Our Supreme Court held that under such circumstances, the plaintiff met "his heavy burden" for failing to timely file his appeal. *Id.* at 1132. In so holding, the Supreme Court emphasized that the plaintiff had "pursued his appeal

promptly upon release from the hospital and there is nothing of record to indicate that the lateness, four days, prejudiced the appellee." *Id.*

In his Petition, B.B. averred that he was "not timely made aware of his right to direct appeal" the 2017 Order. Petition *Nunc Pro Tunc* to Allow Direct Appeal, 12/8/20, ¶ 15. B.B. alleged that his counsel "was ineffective by reason of his failure to inform [B.B.] of his right to direct appeal, the thirty (30) day time frame for such an appeal … and of his right to continued representation for purposes of such an appeal." *Id.*, ¶ 18. According to B.B., counsel's ineffectiveness constituted "a serious breakdown in the [c]ourt's operation through a default of one of its officers." *Id.*, ¶ 21.

B.B.'s Petition, however, fails to offer any basis for his three-year delay in seeking a *nunc pro tunc* appeal. Under these circumstances, we cannot conclude that the Orphans' Court erred or abused its discretion in denying B.B.'s Petition. *See Cook*, 671 A.2d at 1131. Accordingly, we affirm the Order of the Orphans' Court.

Order affirmed.

Judge Nichols joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2021