IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dallas Schurr, : 
                               Petitioner : 
                                       : 
           v. : No. 528 C.D. 2024
                                       : Submitted: May 6, 2025
Unemployment Compensation : 
Board of Review, : 
                         Respondent : 


BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                             FILED:  June 16, 2025


       Dallas Schurr (Schurr), *pro se*, petitions for review of the Unemployment Compensation (UC) Board of Review's (Board) February 6, 2024 order (Order) affirming the UC Referee's (Referee) April 21, 2022 decision (Decision) that dismissed Schurr's appeal as untimely under Section 501(e) of the Pennsylvania UC Law (Law).[1]

## I.      Factual and Procedural Background

       On June 4, 2021, the Department of Labor and Industry (Department) sent Schurr a notice of determination indicating she received a non-fraud overpayment of $1,800 in Lost Wage Assistance (LWA) benefits (LWA Determination).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

Certified Record (C.R.) at 13. The "Final Date to Appeal" the LWA Determination was listed as June 21, 2021. *Id.* Schurr appealed the LWA Determination to the UC Referee on June 25, 2021.

The Referee held a telephone hearing with Schurr on April 9, 2022. *See id.* at 50-58. On April 21, 2022, the Referee issued a Decision dismissing Schurr's appeal as untimely under Section 501(e) of the Law. Schurr appealed to the Board, which issued an Order on February 6, 2024, affirming the Referee's Decision. The Board adopted the Referee's findings and conclusions with several amendments.

Schurr filed a petition for review in this Court.[2] In her brief on appeal, Schurr requests that we excuse the potentially untimely filing of her appeal below, reverse the Referee and Board, and "dismiss the case and all debt that goes with it." Schurr's Br. at 9-11. We address the timeliness issue first, as it is dispositive.

## II.    Discussion

We review UC orders for violations of the petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S.§ 704. Additionally, we review whether substantial evidence supports the findings of fact necessary to sustain a decision. *Id.* The Board is the ultimate fact finder in this case

---

[2] The Referee's Decision and Board's Order include additional background on Schurr's claim for UC benefits. According to the Decision and Order, Schurr applied for Pandemic Unemployment Assistance (PUA) benefits, but the Department sent a notice of determination on March 12, 2021, informing her she was eligible for Pandemic Emergency Unemployment Compensation benefits and, therefore, ineligible for PUA benefits. C.R. at 61. The Department also sent Schurr notices of determination informing her she received non-fraud overpayments of $23,706 in PUA benefits and $10,200 in Federal Pandemic Unemployment Compensation benefits. *Id.* at 82. Schurr filed appeals from these three other determinations to the Referee and the Board, both of which concluded the appeals were untimely. *Id.* However, Schurr filed a petition for review in this Court from only the Board's Order addressing the LWA Determination. *See id.*; *Pro Se* Letter, 3/4/24; Petition for Review, 5/2/24. Based on the limited record before us and the Board's findings, had Scurr appealed the Board's orders addressing the other determinations, our analysis and conclusion would be the same as it is here.

and its findings "are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings." *W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Rev.*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). We review the record evidence "in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonable be drawn." *U.S. Banknote Co. v. Unemployment Comp. Bd. of Rev.*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990).

Here, the Referee dismissed Schurr's appeal as untimely under Section 501(e) of the Law. At the time Schurr filed her appeal, Section 501(e) directed claimants to file an appeal within 15 days of the notice of determination.[3] 43 P.S. § 821(e). A determination "becomes final, and the Board does not have the requisite jurisdiction to consider" an appeal once the deadline lapses. *Darroch v. Unemployment Comp. Bd. of Rev.,* 627 A.2d 1235, 1237 (Pa. Cmwlth. 1993). Even "an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003).

At the hearing before the Referee, Schurr explained she "kept getting e-mails, e-mails, e-mails," and she was "trying to respond to everything in a timely [manner]," but she was "panicking . . . it was just a mess then." C.R. at 55. Schurr stated in her brief she "thought then and now that [she] filed appeals accordingly" and explained "it was all done on the portal and [she] believed then, and now, they

---

[3] Although not applicable to this matter, we note our General Assembly extended the appeal period in Section 501(e) of the Law from 15 days to 21 days pursuant to the Act of June 30, 2021, P.L. 173.

were on time." Schurr's Br. at 9. However, Schurr concedes she "honestly [has] no proof of exactly when [she] sent [appeal paperwork] back or when it was received." *Id.* If she filed the appeal late, Schurr claims it was "due to a very and extremely long process to even understand what was going on." *Id.*

Although Schurr believes she filed a timely appeal, there is no evidence of record to support this contention. We may sympathize with Schurr; however, the law is clear the time periods for appeal, "even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Dumberth*, 837 A.2d at 681.

We acknowledge in limited circumstances, a time limitation can be waived and an appeal considered timely as *nunc pro tunc*, or "now for then." *See Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). An appeal *nunc pro tunc* is warranted only in extraordinary circumstances involving fraud or a breakdown in the court's operation, or where the delay is caused by non-negligent circumstances. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996).

Although Schurr did not request *nunc pro tunc* relief, the Board nonetheless addressed the factors justifying such an extension. The Board found Schurr "failed to show her late appeal was the result of fraud, a breakdown in the administrative process, or non-negligent conduct." C.R. at 83. Likewise, our review of the record reveals no evidence of fraud, a breakdown in operations, or non-negligent circumstances that prevented Schurr from filing her appeal on time. *See Cook,* 671 A.2d at 1132.

We conclude Schurr's appeal was untimely, and the record does not support her entitlement to any extension of the deadlines to file an appeal. Substantial

evidence supports the Board's conclusions. Accordingly, the Board did not err in affirming the Referee's Decision that dismissed Schurr's appeal as untimely.

### III. Conclusion

For the foregoing reasons, we affirm the Board's Order.[4]

_____
STACY WALLACE, Judge

---

[4] Schurr argues she timely submitted a "questionnaire" and may be confusing her submission of a waiver request with submission of an appeal. *See* C.R. at 75 ("I respect the appeal dates on each determination and feel that I did have the questionnaire back on time and have filed a valid appeal."). We observe the Board included a note to the Department in its Order, explaining Schurr "previously requested a waiver of her overpayments and completed the questionnaire," and the Board requested the Department to "investigate the request(s) and issue a decision(s) to all appropriate parties." *Id.* at 83. The record contains no response from the Department, but we remind Schurr she may seek a waiver of a repayment obligation from the Department by submitting the appropriate Overpayment Waiver Questionnaire (Form UC-1656). *See* 15 U.S.C. § 9021(d)(4); *Department of Labor and Industry, Overpayment FAQs,* https://www.pa.gov/agencies/dli/resources/for-claimants-workers/benefits-information/using-the-uc-system/claimant-faqs/online-overpayments-faqs.html (last visited June 13, 2025). If Schurr is dissatisfied with the Department's waiver determination, she may appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dallas Schurr,                 :
           Petitioner    :
                      :
      v.                : No. 528 C.D. 2024
                      :
Unemployment Compensation    :
Board of Review,           :
           Respondent   :

# **O R D E R**

     **AND NOW**, this 16th day of June 2025, the Unemployment Compensation Board of Review's February 6, 2024 order is **AFFIRMED**.


                                   _____
                                   STACY WALLACE, Judge