# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jee Y. Eom, : 
                 Petitioner : 
                  : 
         v. : No. 350 C.D. 2016
                  : Argued: October 17, 2016
Unemployment Compensation : 
Board of Review, : 
                 Respondent : 

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                    **HONORABLE JOSEPH M. COSGROVE,** Judge
                    **HONORABLE JAMES GARDNER COLINS,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**              **FILED: January 31, 2017**

Jee Y. Eom (Claimant) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed a Referee's Decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law), 43 P.S. § 821(e).[1] On appeal, Claimant argues that the Board erred when it refused to consider the appeal *nunc pro tunc* because the late filing of the appeal was due to non-negligent

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 821(e) (providing for a 15-day appeal period before a notice of determination is deemed final).

circumstances. Based on the Board's credibility determinations, we are constrained to affirm.

Claimant filed an application for UC benefits, which was denied by the Local UC Service Center (Service Center) on the grounds Claimant voluntarily quit his job with Aicos System (Employer) without necessitous and compelling reason and therefore was ineligible for benefits under Section 402(b) of the Law.[2] (Notice of Determination, R.R. at 1.) The Notice of Determination was mailed on November 3, 2015. (Id.) Under the Law, Claimant had 15 days to appeal this determination, which would have been November 18, 2015. 43 P.S. § 821. Claimant's Petition for Appeal was received via fax on November 20, 2015, two days late. As a result, the appeal was dismissed as untimely.

A hearing was scheduled before the Referee on January 6, 2016, to hear evidence concerning the timeliness of the appeal, as well as on the merits. At the hearing, Claimant acknowledged receiving the Notice of Determination and discussing same with his attorney (Claimant's Attorney). (R.R. at 15.) Claimant's Attorney testified that he subsequently prepared and mailed the appeal sometime between November 9 and November 13, 2015, when he was going out of town on other business. (R.R. at 16-17.) Claimant's Attorney did not have any documentation, such as a certificate of mailing, to support that the appeal was mailed. (R.R. at 16.) When he returned to the office on November 20, 2015, Claimant's Attorney realized that he had not received a response to the appeal, so he completed another Petition for Appeal and faxed it to the Service Center. (R.R. at 16; Petition for Appeal, R.R. at 5.) Based upon the evidence presented, the Referee found there was no evidence that Claimant was misinformed or misled by

_____

[2] 43 P.S. § 802(b).

2

UC authorities regarding his appeal rights or that he was prevented from filing a timely appeal due to fraud or a breakdown in the administrative process and dismissed the appeal. (Referee Decision at 2.)

Claimant subsequently filed a timely appeal of the Referee's Decision with the Board, which affirmed. Specifically, the Board found Claimant's Attorney's testimony that the appeal was mailed before the appeal deadline not credible, noting the lack of documentary evidence to support the allegation. (Board Decision at 2.) The Board also refused to find that Claimant's Attorney's "failure to file a timely appeal was non-negligent." (Id.) Given the mandatory nature of the filing deadline and the absence of any evidence that would entitle Claimant to an appeal *nunc pro tunc*, the Board found that the Referee properly dismissed the appeal under Section 501(e) of the Law. (Id.) Claimant now petitions this Court for review of the Board's Order.[3]

On appeal, Claimant argues the Board erred in refusing to restore his appellate rights *nunc pro tunc*. Specifically, Claimant contends the late filing was the result of non-negligent conduct by Claimant's Attorney and that the appeal was filed within a short time of discovering its untimeliness. (Claimant's Br. at 11-12.) The Board responds that Claimant failed to establish a basis for relief *nunc pro tunc*. In particular, it notes the absence of any documentary evidence that would support the testimony of Claimant's Attorney that he mailed the appeal prior to expiration of the filing deadline. (Board's Br. at 6.)

---

[3] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

3

Section 501(e) of the Law governs appeals from a Notice of Determination and states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e). The failure to file an appeal within the requisite 15-day time period deprives the Board of jurisdiction over the matter and the determination becomes final. Dumberth v. Unemployment Comp. Bd. of Review, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). Limited circumstances exist in which an untimely appeal may be considered. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Allowable exceptions include cases involving fraud, a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." Bass v. Commonwealth, 401 A.2d 1133, 1135-36 (Pa. 1979). It is under this third exception – non-negligent conduct – that Claimant seeks to proceed.[4]

Claimant's argument on appeal centers around the testimony of Claimant's Attorney, who maintains he mailed the appeal prior to leaving town on November

---

[4] Claimant concedes there was no fraud or breakdown in the process. (Claimant's Br. at 11.)

4

13, 2015, well before the filing deadline. This testimony is the sole basis cited by Claimant for his argument that the untimely filing was the result of non-negligent conduct of his attorney. (See Claimant's Br. at 11.) However, the Board did not credit this testimony. (Board Op. at 2.) It is well-settled that the Board is the ultimate fact finder. Walsh v. Unemployment Comp. Bd. of Review, 943 A.2d 363, 368 (Pa. Cmwlth. 2008). In essence, on appeal Claimant is challenging the Board's determination not to credit the testimony, which is outside of this Court's province to overrule. "The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." Hessou, 942 A.2d at 198. Because the Board did not credit the testimony of Claimant's Attorney, there was no credited evidence showing non-negligent conduct beyond Claimant's control that would have prevented the timely filing of an appeal. Thus, Claimant has not satisfied his heavy burden to be entitled to *nunc pro tunc* relief.

Had the Board credited the testimony of Claimant's Attorney, the testimony alone would be legally insufficient to entitle Claimant to *nunc pro tunc* relief under our precedent. Courts have consistently held that delivery issues with mail are foreseeable. For instance, in Criss v. Wise, a receptionist testified that she mailed a notice of appeal from an arbitration award by depositing the notice in a mailbox outside the office building six days before the filing deadline. Criss v. Wise, 781 A.2d 1156, 1158 (Pa. 2001). The notice was received two days after the filing deadline, and one day after the prothonotary entered judgment on the arbitration award. Id. The trial court denied the appeal, but the Superior Court vacated and remanded the matter to the trial court to make factual findings as to whether *nunc pro tunc* relief was warranted. Id. at 1158-59. The Pennsylvania Supreme Court

reversed. It found that *nunc pro tunc* relief is reserved for only those "unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." Id. at 1160. Because "delays in the U.S. mail are both foreseeable and avoidable," the failure to anticipate potential delays in the mail was not a non-negligent circumstance that warranted *nunc pro tunc* relief. Id.

Faced with similar circumstances, this Court has likewise denied *nunc pro tunc* relief. In Lee v. Unemployment Compensation Board of Review (Pa. Cmwlth., Nos. 421 C.D. 2013, 501 C.D. 2013, filed Oct. 16, 2013), claimant's attorney testified his paralegal mailed the appeal via certified mail and produced a blank certified mail receipt.[5] The Court found this did not satisfy the requirements of the Board regulation, 34 Pa. Code § 101.82, which provides that the filing date of an appeal made by U.S. mail is determined as:

> (i) The date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Form 3817 (Certificate of Mailing) or a United States Postal Service certified mail receipt.
>
> (ii) If there is not official United States Postal Service postmark, United States Postal Service Form 3817 or United States Postal Service certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.
>
> (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the Board when it

---

[5] Lee is an unreported panel decision of this Court, which is cited in accordance with Section 414(a) of this Court's Internal Operating Procedures, which provides that an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a).

6

receives the appeal.

<u>Lee</u>, slip op. at 7-8.

In the absence of such evidence, the Court found the only physical evidence to establish an appeal had been sent was the faxed appeal, which was received after the filing deadline. <u>Id.</u>, slip op. at 8-9. Thus, the Court affirmed the Board's determination that the appeal was untimely. <u>Id.</u>, slip op. at 9. <u>See</u> <u>also</u> <u>Lord v. Unemployment Comp. Bd. of Review</u> (Pa. Cmwlth., Nos. 1566 C.D. 2011, 1567 C.D. 2011, 1568 C.D. 2011, 1569 C.D. 2011, filed June 4, 2012), slip op. at 7-8 (finding claimant's testimony alone that he mailed his appeal within the statutory time period did not satisfy the regulations); <u>Jones v. Unemployment Comp. Bd. of Review</u> (Pa. Cmwlth., No. 1414 C.D. 2010, filed May 26, 2011), slip op. at 5-6 (finding same).

Applying these principles to the facts at hand, we must affirm the Board's dismissal of the Claimant's appeal as untimely under Section 501(e) of the Law.

_____
**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jee Y. Eom,        :
      Petitioner  :
            :
   v.        :  No. 350 C.D. 2016
            :
Unemployment Compensation  :
Board of Review,     :
      Respondent :

# **O R D E R**

NOW, January 31, 2017, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.

           _____
           **RENÉE COHN JUBELIRER,** Judge

Jee Y. Eom,                                    :
                    Petitioner               :
                                               :
          v.                                   :
                                               :
Unemployment Compensation        :
Board of Review,                         :        No. 350 C.D. 2016
                    Respondent           :        Argued:  October 17, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER Judge
                   HONORABLE JOSEPH M. COSGROVE Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE                        FILED:  January 31, 2017


          The analysis to be applied in determining whether Claimant's appeal
was timely is different from that governing the question of whether *nunc pro tunc*
relief should be granted.  Since the Majority conflates these two discrete concepts,
I must dissent.

          I agree that Claimant's appeal was untimely.  Although Claimant's
attorney testified he mailed the appeal documents before the deadline, he presented
no additional information to verify this.  A finding of untimeliness may be avoided
if certain proof is available showing that an appeal had been perfected by mail.
For example, 34 Pa.Code § 101.82(b)(1)(i)-(ii) provides a party may file a written

appeal by United States mail. The filing date will be determined by the date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Certificate of Mailing, a United States Postal Service certified mail receipt, or the date of a postage meter mark on the envelope containing the appeal.

Claimant was unable to provide any such proof of the filing of the earlier appeal; all he could present was the testimony of his counsel that the appeal had been mailed prior to the deadline.

In considering the timeliness argument, the Board had little choice but to ignore or "not credit" this testimony, (Reproduced Record at 39), consistent with this Court's decision in *McKnight v. Unemployment Compensation Board of Review,* 99 A.3d 946 (Pa. Cmwlth. 2014). In *McKnight*, this Court was asked to expand the forms of proof acceptable to establish that an appeal had been mailed timely by including testimony that indeed the appropriate mailing had occurred. We rejected that argument, noting that Section 101.82(b) was a Board regulation which, as interpreted by the Board,[1] "does not contemplate testimony as adequate proof of mailing…" *Id* at 949. Against this backdrop, the Board was correct in finding Claimant's appeal untimely.

Where the Majority errs is in applying this same principle to the question of whether *nunc pro tunc* relief should be granted. While "timeliness" is

---

[1] "[A] court should defer to an administrative agency's interpretation of its own regulation unless such interpretation is clearly erroneous or is inconsistent with the statute under which it was promulgated." *UGI Utilities v. Unemployment Compensation Board of Review,* 776 A.2d 344, 348 (Pa. Cmwlth. 2001).

strictly bound by regulatory provisions which set specific and definite deadlines, and limit the availability of proof to determine that timeliness, permission to pursue an appeal *nunc pro tunc* is tied to equitable considerations. "Even when a party has filed an untimely notice of appeal, however, appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001).[2]

An appeal *nunc pro tunc* may thus be allowed when a delay in filing the appeal is caused by extraordinary circumstances, including the non-negligent conduct of the appellant's attorney or his staff. *Cook v. Unemployment Comp. Bd. of Review,* 671 A.2d 1130, 1131 (Pa. 1996). Claimant argues that his attorney was not negligent in filing his appeal. (Claimant's Brief at 11.) Claimant's attorney testified that he sent the appeal via U.S. Mail prior to the expiration of the appeal date, but could not provide any evidence of this mailing other than his testimony. (R.R. at 16.) While the Board rightly refused to "credit" this testimony in considering whether the appeal was "timely," it did not find that this testimony was ***not*** credible.[3] As such, in considering the second question as to whether an appeal

_____

[2] In *Criss,* an appeal from a compulsory arbitration award was mailed six days before the deadline for filing same, but was not received until after the deadline expired. The Supreme Court held that since "delays in the U.S. mail are both foreseeable and avoidable, Appellee's failure to anticipate a potential delay in the mail was not such a non-negligent circumstance for which an appeal *nunc pro tunc* may be granted." *Criss*, 781 A.2d at 1160. *Criss*, however, involved the Rules of Civil Procedure (i.e., appeal from an arbitration award) which, unlike Section 101.82(b), do not deem an appeal perfected once mailed but instead state that "[a] paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa.R.C.P. No. 2015.1. As such, while it is important in recognizing the equitable nature of *nunc pro tunc* relief, the ultimate holding in *Criss* is inapplicable to this case despite the Majority's reliance on it.

[3] In *Quinn v. Unemployment Compensation Board of Review,* (Pa. Cmwlth. 1238 C.D. 2014, filed January 23, 2015) 2015 WL 5123418, the claimant testified that she "placed her

*nunc pro tunc* should be permitted, the Board was faced with uncontradicted testimony from an officer of the court that he had mailed the appeal (albeit without additional proof of mailing such as a Postal Service Certificate of Mailing or a private postage meter stamp) prior to the expiration of the deadline. On this question, the attorney's testimony is both relevant and suggests no negligence on his part in pursuing his client's appeal.

In seeking an appeal *nunc pro tunc*, a party must show that the late appeal was caused by non-negligent circumstances related to him/her or to counsel, that the appeal was filed within a short time after the party or counsel had an opportunity to address the untimeliness, the period that elapsed was of a short duration, and the appellee was not prejudiced by the delay. *Cook,* 671 A.2d at 1131. In this case, Claimant's attorney testified that he mailed the appeal before he went "out of town on other business" (R.R. at 16) and prior to the deadline. Upon his return, Claimant's attorney filed the appeal electronically, two days after the appeal deadline. *Id.* Pursuant to *Cook*, Claimant has satisfied his burden.[4] Under

---

appeal in the mailbox at her post office" one day before it was due. However, the appeal did not arrive until a day after the due date. While the Board made a specific finding that the claimant's testimony regarding her mailing of the appeal was not credible, we noted that under Section 101.82(b)(1)(ii), "even if found credible by the Board, [the testimony] would be insufficient to establish that [the claimant's] appeal was timely filed." *Id.* at 2015 WL 5123418, Slip Op. at 2. Although unpublished and thus not binding, it is important to note that *Quinn* differs from this case in two important respects. First, although the *Quinn* claimant's testimony was irrelevant under the regulation as to the timeliness question, it would have been important if the claimant had sought permission to appeal *nunc pro tunc*. Unlike the present Claimant, the *Quinn* claimant did not. Further, while the Board made the specific finding that the *Quinn* claimant's testimony was "not credible," it made no such finding presently. Accordingly, the present Claimant's testimony is relevant and important to consideration of the request to appeal *nunc pro tunc*.

[4] Respondent's brief makes no argument that it was prejudiced by the late filing.

these circumstances, it was thus error for the Board to deny Claimant's *nunc pro tunc* appeal. The Majority errs in upholding this denial, and in constricting the equitable principles upon which *nunc pro tunc* relief is considered. *Criss.* I must therefore dissent.

_____
JOSEPH M. COSGROVE, Judge