IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Massimo Russo,                          :    CASES CONSOLIDATED
                    Petitioner          :
                                        :
                                        :
          v.                            :
                                        :
                                        :
Unemployment Compensation               :
Board of Review,                        :    Nos. 1098-1101 C.D. 2024
                    Respondent          :    Submitted: November 6, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  December 17, 2025


          Massimo Russo (Claimant) petitions this Court for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) August 21, 2024
orders dismissing his appeals as untimely pursuant to Section 502(a) of the UC Law
(Law).[1]  The sole issue before this Court is whether the UCBR erred by dismissing
Claimant's appeals as untimely.  After review, this Court affirms.

          On November 14, 2022, UC claims were filed under Claimant's name.[2]
On May 4, 2023, the Department of Labor and Industry (Department) issued three
Notices of Determination (Determinations) to Claimant at his record mailing
address, therein disqualifying him from receiving UC benefits under Section 401(c)

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
822(a) (appeals from Referee decisions to the UCBR must be filed within 21 days).
[2] One of the issues in Claimant's appeals is that he did not file any UC claims.

of the Law[3] from November 20, 2022 to January 7, 2023, and assessing non-fault overpayments pursuant to Section 804(b)(1) of the Law[4] because he received UC benefits as a result of claims fraudulently filed by an unknown individual.[5] *See* Certified Record (C.R.) at 133-143, 168-177, 202-211. The Determinations notified Claimant that he had the right to appeal from the Determinations, and that his appeals must be received or postmarked by May 25, 2023. *See* C.R. at 133, 168, 202. On May 5, 2023, the Department issued a fourth Determination disqualifying Claimant from receiving UC benefits from March 26, 2023 to April 8, 2023, for the same reason.[6] *See* C.R. at 19. That Determination notified Claimant that he had the right to appeal from the Determination, and that his appeal must be received or postmarked by May 26, 2023. *See id.*

Claimant appealed from all four Determinations through the *Pennsylvania UC Claims System* (Portal) on July 18, 2023. *See* C.R. at 30-36. By notice mailed September 5, 2023, the Department scheduled a hearing to determine, *inter alia*, whether Claimant timely filed his appeals. *See* C.R. at 46. The Referee conducted a consolidated hearing on September 25, 2023, at which Claimant appeared and claimed that he had not received the Determinations. *See* C.R. at 58, 146, 180, 214. On October 2, 2023, the Referee dismissed Claimant's appeals as untimely and, declared therein: "THE LAST DAY TO FILE AN APPEAL TO THIS DECISION IS [OCTOBER 23,] 2023[.]" C.R. at 60, 148, 182, 216; *see also* C.R. at 57-59, 61-67, 145-147, 149-155, 179-181, 183-189, 213-215, 217-223.

---

[3] 43 P.S. § 801(c). Section 401(c) of the Law states that compensation shall be payable to any employe who is or becomes unemployed, and who "[h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment." 43 P.S. § 801(c).

[4] 43 P.S. § 874(b)(1) (relating to recovery and recoupment of non-fault overpayments).

[5] *See* Docket Nos. 2023007407-BR, 2023007408-BR, 2023007409-BR.

[6] *See* Docket No. 2023007406-BR.

Claimant appealed from the Referee's decisions on the Determinations to the UCBR on October 25, 2023. *See* C.R. at 83. The UCBR acknowledged receipt of the appeals by October 26, 2023 letter. *See* C.R. at 75. By November 16, 2023 letter, the UCBR informed Claimant that his appeals were untimely, but he could request a hearing on the timeliness issue. *See* C.R. at 83. By letter dated November 20, 2023, Claimant's counsel, Kayla H. Drum, Esquire (Counsel), requested a hearing to address the timeliness of Claimant's appeals.

By March 20, 2024 order, the UCBR remanded the matter to the Referee to afford Claimant the opportunity to testify regarding whether his appeals to the UCBR were or should be accepted as if they were timely filed. The Referee conducted the consolidated remand hearing on April 8, 2024. *See* C.R. at 110-118. On August 21, 2024, the UCBR dismissed Claimant's appeals as untimely pursuant to Section 502 of the Law. *See* C.R. at 122-130, 157-165, 191-199, 225-233. Claimant appealed to this Court.[7]

Initially, Section 502(a) of the Law requires that a claimant appeal from a Referee's decision to the UCBR "no later than [21] days after the 'Decision Date' provided on such decision[.]" 43 P.S. § 822(a); *see also* Section 101.90(a) of the Department's Regulations, 34 Pa. Code § 101.90(a). This Court has explained:

> This [21]-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the matter. *UGI Util., Inc. v. Unemployment Comp. Bd. of Rev*[.], 776 A.2d 344, 347 (Pa. Cmwlth. 2001). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise,

---

[7] On August 23, 2024, Claimant timely filed appeals from the UCBR's orders to this Court. By November 20, 2024 Order, this Court consolidated the appeals.

This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

there would be no finality to judicial action." *Dumberth v. Unemployment Comp. Bd. of Rev*[.], 837 A.2d 678, 681 (Pa. Cmwlth. 2003). Therefore, even an appeal filed merely [1] day after the expiration of the [21]-day time period must be dismissed as an untimely appeal. *Id*.

*Shea v. Unemployment Comp. Bd. of Rev.*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006).[8]

However, "[a]n untimely appeal may be permitted in limited circumstances" *nunc pro tunc*. *Walthour v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 837, 842 (Pa. Cmwlth. 2022). This Court has explained:

> An appeal *nunc pro tunc* is only warranted . . . in extraordinary circumstances "involving fraud or some breakdown in the court's operation," or where the delay is caused by non-negligent circumstances either by the claimant or a third party. *Cook v. Unemployment Comp. Bd. of Rev.*, . . . 671 A.2d 1130, 1131 ([Pa.] 1996) (internal quotations omitted) (quoting *Bass v. C*[*ommonwealth*], . . . 401 A.2d 1133, 1135 ([Pa.] 1979)). The Pennsylvania Supreme Court characterized administrative breakdown as occurring when "an administrative body acts negligently, improperly[,] or in a misleading way." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, . . . 746 A.2d 581, 584 ([Pa.] 2000). Where non-negligent circumstances cause the untimeliness of an appeal, the appeal must be filed within a short period of time after learning of the untimeliness. *Cook*, 671 A.2d at 1131. It is well[ ]settled that the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal, and the burden is a heavy one. *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Rev.*, . . . 645 A.2d 447, 449 ([Pa. Cmwlth.] 1994).

*Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229-30 (Pa. Cmwlth. 2021).

At the remand hearing in the instant matter, Claimant admitted that he received the Referee's October 2, 2023 decisions by mail. *See* C.R. at 114. Counsel

---

[8] The General Assembly amended Section 502 of the Law, effective July 24, 2021, to increase the time to file an appeal from a referee's decision to the UCBR from 15 to 21 days. This Court decided *Shea* before that amendment was effective.

represented that Claimant retained her on October 12, 2023, provided her with the October 2, 2023 decisions on October 19, 2023, and she filed appeals therefrom through Claimant's Portal that same day. *See* C.R. at 114-115. Counsel added that she typically filed appeals via fax and email, but the Department informed her that appeals should only be filed in one way. *See* C.R. at 114-115. Counsel claims that she followed the Portal steps to appeal and the system reflected that it was submitted. *See* C.R. at 115, 119-120. However, Counsel added that, on October 25, 2023, Claimant's wife notified her that the Portal did not show that the appeal had been filed. *See* C.R. at 115. Counsel recalled that she filed the appeal by fax and email that same day. *See* C.R. at 115, 117. Counsel admitted that she did not reference the late filing in her appeal letter. *See* C.R. at 116.

"In UC cases, the [UCBR] is the ultimate fact[-]finder and resolves issues of credibility and conflicting evidence. This Court is bound by those findings, provided they are supported by substantial evidence." *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024) (citation omitted). "Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding." *Id*. "[T]his Court's review of a decision by the [UCBR] does not permit it to reweigh the evidence or substitute its own findings for those made by the [UCBR]." *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (quoting *Chartiers Cmty. Mental Health & Retardation Ctr. v. Unemployment Comp. Bd. of Rev.*, 134 A.3d 1165, 1172-73 (Pa. Cmwlth. 2016)).

Here, rather than challenge the UCBR's factual findings, Claimant disputes the conclusions the UCBR drew from the findings. The UCBR concluded:

> The last day to file an appeal from this decision was October 23, 2023. However, [Claimant] did not file an appeal until October 25, 2023. [Claimant] timely received the decision by mail, retained [Counsel], and provided it

to [Counsel] before the appeal deadline. [Counsel] told him she would file an appeal. [Counsel] testified that she filed an appeal on the [P]ortal on October 19, 2023; however, there is no evidence of a timely filed appeal and the testimony is not corroborated by any documentation showing a timely filed appeal.

Rather, the only appeal in the record is [Claimant's] October 25, 2023 appeal which was filed by email. The appeal requests a hearing on the timeliness of [Claimant's] appeal, which is evidence that [Counsel] knew the appeal was late. [Counsel] also argued that she chose to file an appeal on the [P]ortal because she was told by UC authorities to file an appeal only one way. Again, there is no corroboration of this instruction, no evidence that the appeal was submitted on the [P]ortal before the deadline, or a "glitch"[9] and indeed, the decision contains detailed instructions on the multiple ways in which to file an appeal and who bears the burden of the lack of a receipt.

---

[9] Section 101.82(b)(4.1) of the Department's Regulations states regarding appeals filed via the Portal:

> (i) The date of filing is the receipt date recorded by the Pennsylvania UC Claims System. Following submission of the appeal, a notation will appear in the Pennsylvania UC Claims System to show that the Department successfully received the party's appeal. Following submission of the appeal, the appeals section of the Pennsylvania UC Claims System **will** also **show that the party's appeal has been filed**. If the Pennsylvania UC Claims System does not indicate that the party's appeal has been filed, **the party may resubmit the appeal using any method provided in this subsection**. **Failure to resubmit the appeal prior to the appeal deadline will result in an untimely appeal**.

> (ii) If the filing is untimely as a result of system or technological failure of the Pennsylvania UC Claims System, the date of filing will be redetermined through the adjudicatory process. The [UCBR] will make available to the [r]eferee relevant Department records regarding system outages where a party alleges a late filing due to system or technological failure.

34 Pa. Code § 101.82(b)(4.1) (emphasis added). No evidence of a glitch appears in the Certified Record.

> While an appeal *nunc pro tunc* may be allowed if the late appeal is due to non-negligent actions of an attorney or his or her staff, this appeal was late due to the negligent acts of [Counsel]. Additionally, although [Claimant] himself has not been negligent, the negligent acts of his representative cannot allow a late appeal to the [UCBR]. As such, [Claimant] did not present credible evidence or testimony sufficient to meet his burden of proof that his appeal to the [UCBR] was, or should be accepted as if[] timely filed under Section 502 of the Law.
>
> The provisions of [] [S]ection [502] of the Law are mandatory, and the [UCBR] has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. Therefore, [Claimant's] appeal from the Referee's decision must be dismissed.

C.R. at 123, 158, 192, 226. Clearly, the UCBR did not find Counsel's testimony that she filed the appeals on October 19, 2023, credible.

Because substantial record evidence supports the UCBR's conclusion that Counsel filed Claimant's appeals after the deadlines and Claimant failed to prove that the late appeals were caused by fraud, a breakdown in the administrative process, or by non-negligent conduct, the UCBR did not have jurisdiction to consider the merits of the matters. Accordingly, the UCBR properly affirmed the dismissal of Claimant's appeals as untimely.

For all the above reasons, the UCBR's orders are affirmed.

_____
ANNE E. COVEY, Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Massimo Russo, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | Nos. 1098-1101 C.D. 2024 |
| Respondent | : | |

## O R D E R

AND NOW, this 17th day of December, 2025, the Unemployment Compensation Board of Review's August 21, 2024 orders are affirmed.

_____
ANNE E. COVEY, Judge